UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#154/158**
**JS-6** (lc)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11 - 3849  PSG (PJWx) | Date | November 2, 2012 |
|---|---|---|---|
| Title | *Chris Vasquez, et al. v. County of Los Angeles, et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:** (In Chambers): Order Granting Summary Judgment as to Individual Defendants and Dismissing State Law Claims

In an October 3, 2012 order granting in part and denying in part Defendants' motion for summary judgment, the Court concluded that the Individual Defendants were, as a matter of law, not acting under color of law when they engaged in the physical altercation at issue in the case. *See* Dkt. # 153.  Accordingly, the Court granted summary judgment as to Plaintiffs' claims pursuant to 42 U.S.C. § 1983 as against the County of Los Angeles ("County"), Sheriff Leroy Baca ("Baca"), and Individual Defendants Hernan Noel Delgado ("Delgado") and Juan Navarro ("Navarro"), who were joined in the motion.  Given that the analysis for those claims is identical for the other Individual Defendants, the Court concluded that Plaintiffs had failed to raise a triable issue of fact on their first and fifth claims against all defendants—specifically, Individual Defendants Alfonso Andrade ("Andrade"), Joseph Gonzalez ("Gonzales"), Jeffrey Rivera ("Rivera"), Mauricio Rodriguez ("Rodriguez"), and Jason Snyder ("Snyder").  However, the Court could not grant summary judgment as to the other Individual Defendants at that time because it had not given notice of its intent to do so, as required by Federal Rule of Civil Procedure 56(f).  *See* Fed. R. Civ. P. 56(f) ("After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant.").  Accordingly, the Court issued an order to show cause ("OSC") why the Court should not grant summary judgment on Plaintiff's first and fifth claims as to the remaining Individual Defendants.  *See* Dkt. # 154.

On October 19, 2012, Plaintiffs filed a timely response to the Court's OSC.  *See* Dkt. # 158.  In its Response, Plaintiffs submitted additional evidence that was not available when the Court heard Defendant's motion for summary judgment.  *See Response.*  Plaintiffs argue that the new evidence creates a question of fact regarding whether the Individual Defendants were acting under color of law during the altercation.  *Id.* 2:1-9.  Plaintiffs state that they plan to file a motion for reconsideration in light of the new evidence and request the Court to continue the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#154/158
JS-6 (lc)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11 - 3849  PSG (PJWx) | Date | November 2, 2012 |
|---|---|---|---|
| Title | *Chris Vasquez, et al. v. County of Los Angeles, et al.* | | |

OSC until after a hearing on Plaintiffs' motion for a new trial.  *Id.* 1:1-2, 2:9-12.

The Court finds that Plaintiffs' response to the OSC was insufficient.  In light of the report that was released after the parties had submitted their briefing on the motion for summary judgment, Plaintiffs may move for reconsideration.  *See* Fed. R. Civ. P. 59 & 60.  Upon a proper motion pursuant to Federal Rule of Civil Procedure 59 or 60, the Court may reconsider the issue in light of the new evidence.  *Id.*  However, the Court may not consider the new evidence at this time and so finds that Plaintiffs have not shown cause why the Court should not grant summary judgment as to the remaining Individual Defendants.  Accordingly, the Court hereby GRANTS summary judgment as to Andrade, Gonzalez, Rivera, Rodriguez, and Snyder as to Plaintiffs' first and fifth claims.

In its OSC, the Court also noted that because it had granted summary judgment as to all of Plaintiffs' federal claims, only causes of action arising under state law remain.  Accordingly, the Court ordered Plaintiffs to show cause why the Court should not dismiss the action for lack of subject matter jurisdiction.  Plaintiffs did not address subject matter jurisdiction in their Response.  Therefore, the Court hereby DISMISSES the action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

_____ : _____

Initials of Deputy Clerk

cc: